**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| MARVA BARFIELD,<br>Plaintiff,<br>v.<br>JO ANNE B. BARNHART, Commissioner, Social Security Administration,<br>Defendant. | No. EDCV 05-699 (CW)<br>DECISION AND ORDER |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned magistrate judge. Plaintiff seeks review of the denial of disability benefits. The court finds that judgment should be granted in favor of defendant, affirming the Commissioner’s decision.

**I. BACKGROUND**

Plaintiff Marva Barfield was born on July 8, 1954, and was fifty years old at the time of her administrative hearing. [Administrative Record, “AR,” 53, 197.] She has a ninth grade education and no past relevant work experience. [AR 12.] Plaintiff alleges disability on

the basis of post-traumatic stress disorder, anxiety, depression, high blood pressure, hearing problems and blackouts. [AR 13.]

## II. PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on August 1, 2005, and filed on August 12, 2005. On February 13, 2006, defendant filed an answer and plaintiff's Administrative Record ("AR"). On June 1, 2006, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party. This matter has been taken under submission without oral argument.

## III. PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for supplemental security income ("SSI") on May 15, 2003, alleging disability since June 1, 1984. [AR 53.] After the application was denied initially and upon reconsideration, an administrative hearing was held on January 27, 2005, before Administrative Law Judge ("ALJ") John Belcher. [Transcript, AR 197.] Plaintiff appeared with counsel, and testimony was taken from plaintiff, medical expert Joseph Malancharuvil, vocational expert Stephen Berry, lay witness Kaddejah Abdulah and lay witness Darla Bonine. [Id.] The ALJ denied benefits in a decision dated March 23, 2005. [Decision, AR 19.] When the Appeals Council denied review on July 8, 2005, the ALJ's decision became the Commissioner's final decision. [AR 3.]

## IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence. However, if the

court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits. See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

## V. DISCUSSION

### A. THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920. If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps. Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel. Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288. If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age,

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v.

education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B. THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that plaintiff had never engaged in substantial gainful activity; that plaintiff had "severe" impairments, namely anxiety/post traumatic stress disorder (step two); and that plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 13.] Because plaintiff had no past relevant work, disability could not be determined at step four. [Id.] The ALJ adopted the opinion of the vocational expert, who testified that plaintiff could perform "other jobs" in the national economy such as grocery bagger, dining room attendant or packager (step five). [AR 17.] Accordingly, plaintiff was found not "disabled" as defined by the Social Security Act. [Id.]

**C. ISSUES IN DISPUTE**

The parties' Joint Stipulation identifies three disputed issues:

1. Whether the ALJ properly considered the treating physician's opinion;
2. Whether the ALJ properly considered the opinion of a psychotherapist; and
3. Whether the ALJ properly found plaintiff's depression to be "non-severe."

[JS 2-3.]

---

Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

**D. THE TREATING MEDICAL EVIDENCE**

In July 2003, plaintiff began receiving psychiatric treatment at the San Bernardino County Department of Behavioral Health, under the care of Dr. Kari Enge. [AR 147-49.] Plaintiff was diagnosed at the initial assessment with major depressive disorder and post-traumatic stress disorder ("PTSD").[2] [AR 149.] One month later, in August 2003, despite plaintiff's report that she was feeling a "little better," Dr. Enge filled out a CalWORKS application indicating that plaintiff was "incapacitated from work" due to a major depressive disorder. [AR 142, 143.] Two months later, in October 2003, Dr. Enge wrote that plaintiff's PTSD was "chronic" and that she also had a panic disorder that was "chronic" and "treatment-resistant." [AR 140.] During the treatment period, Dr. Enge prescribed plaintiff with Paxil, Trazodone, Prozac and Remeron. [AR 195.] In June 2004, Dr. Enge filled out a Medical Report stating that plaintiff had a permanent incapacity from work due to major depressive disorder and PTSD. [AR 186.]

The ALJ gave "little weight" to Dr. Enge's opinion, finding that her opinion that plaintiff was disabled was "not accompanied by any supporting explanation or corroborating treating notes and ... completely inconsistent with the other evidence of record." [AR 14.] The "other evidence of record" included an opinion by an examining psychiatrist that "I see no objective evidence of any of her claims" and that plaintiff "was very non-credible." [AR 165.] In addition, an examining neurologist expressed doubt that plaintiff had blackouts,

---

[2] Plaintiff was married for 26 years to a man who fathered 13 children with her, abused her and their children, and married two other women while still married to plaintiff. [AR 217.] Plaintiff was incarcerated from June 1999 to November 2000 after being convicted of child endangerment and false imprisonment. [AR 13.]

opining that they were probably complex partial seizures[3] and that "[i]t would be unusual for these to have occurred for over 20 years without injury or evaluation." [AR 172.] The ALJ also noted that the medical expert testified that plaintiff could work at any exertional level, as long as she was restricted to moderately complex work that did not require a fast pace and was not around hazardous machinery and unprotected heights. [AR 13.]

On the whole, the ALJ provided "specific and legitimate reasons supported by substantial evidence in the record" to discount Dr. Enge's opinion. See Lester, 81 F.3d at 830; Benecke v. Barnhart, 379 F.3d 587, 591 & n.1 (9th Cir. 2004); Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); Reddick, 157 F.3d at 724. Dr. Enge's August 2003 opinion of disability was written after she had seen plaintiff only twice and after plaintiff reported improvement, casting doubt on the opinion's reliability. [AR 142, 143.] See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002)(upholding ALJ's rejection of treating medical opinion that was "brief, conclusory, and inadequately supported by clinical findings."). Dr. Enge's June 2004 opinion of disability was written after she had seen plaintiff only a few more times, without any indication that plaintiff's symptoms had worsened. [AR 140-42, 144-49.] Dr. Enge's sparse treatment notes on the whole provide little support for a finding of disability: although plaintiff reported sleeping problems, feeling panicky in public, and low energy levels, there was nothing in the notes to suggest that

---

[3] Complex partial seizures include impairment of awareness, where patients seem to be "out of touch," "out of it" or "staring into space." See www.webmd.com.

plaintiff's symptoms were so debilitating that she could not perform substantial gainful activity. See Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999)(treating physician's "meager" opinion "provided no basis for concluding that [the claimant] was disabled" because it "failed to explain the extent or significance of" claimant's symptoms on his ability to work.)

Further, the contrary opinion of the examining psychiatrist was unambiguous in its wholesale rejection of plaintiff's claims: Dr. Linda Smith found that plaintiff "had a very hard time keeping a straight face," "appeared to be attempting to feign a poor mental status," and "gave answers that were not true for true psychiatric problems," leading her to conclude that, "I do not believe that she has an AXIS-I or AXIS-II disorder, and I don't believe that she is impaired in her ability to work at this time." [AR 163-65.] Dr. Smith's report was consistent with the opinion of the examining neurologist, who concluded that based on her neurological examination, plaintiff "is able to lift, stand, sit and walk without restriction" and "perform fine motor activities with her arms and legs" despite being totally precluded from working at heights, around dangerous machinery or operating a motor vehicle. [AR 172.] The two examining opinions comprised specific and legitimate reasons to give little weight to Dr. Enge's opinion. See Meanel, 172 F.3d at 1114 (holding that the ALJ permissibly relied on the opinion of an examining physician who made specific findings regarding the claimant's work-related limitations in rejecting the conclusory opinion of a treating physician). The testimony of the medical expert further supported the ALJ's finding of non-disability. See Thomas, 278 F.3d at 957 ("The opinions of non-treating or non- examining physicians may also serve

as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.”). Accordingly, substantial evidence supported the ALJ’s decision to decline to credit Dr. Enge’s opinion.

**E. ISSUE TWO: THE THERAPIST’S OPINION**

In February 2002, plaintiff had an initial assessment performed by Cynthia Harvey, a licensed therapist, to determine plaintiff’s suitability for treatment. [AR 153-58.] Ms. Harvey concluded that plaintiff’s depression and PTSD were “severe.” [AR 157.] There is no evidence that plaintiff saw Ms. Harvey again or that plaintiff received any treatment for one year after the visit. Because the ALJ did not refer to Ms. Harvey’s assessment in his decision, plaintiff argues that remand is necessary for consideration of the assessment. [JS 11.] This is unavailing.

The regulations distinguish between opinions from “acceptable medical sources,” such as physicians, and those coming from “other sources.” 20 C.F.R. § 404.1513(a) and (d). Because she is a therapist, Ms. Harvey is an “other source,” and the Commissioner may accord her opinion less weight than opinions from acceptable medical sources. Gomez v. Chater, 74 F.3d 967, 970 (9th Cir. 1996). The weight due to Ms. Harvey’s opinion is lessened further by the fact that the record shows that she saw plaintiff only once. [AR 153-58.] This lone contact prevents Ms. Harvey from being an effective lay witness, given that the primary benefit of lay evidence is to shed light on a claimant’s “day-to-day” condition. See Crane v. Shalala, 76 F.3d 251, 254 (9th Cir. 1996)(therapist who counseled claimant for two weeks had insufficient contact during the relevant time period to qualify as a competent lay witness); Smolen, 80 F.3d at 1289

("testimony from lay witnesses who see the claimant every day is of particular value")(citing Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993)("[a]n eyewitness can often tell whether someone is suffering or merely malingering ... this is particularly true of witnesses who view the claimant on a daily basis")).[4] Under these circumstances, the ALJ's failure to comment on Ms. Harvey's assessment was harmless. See Howard v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003)(an ALJ is not required to discuss evidence that is neither significant nor probative).

**F. ISSUE THREE: THE "SEVERITY" OF PLAINTIFF'S DEPRESSION**

At Step Two of the sequential evaluation, the ALJ determined that plaintiff's depressive disorder was "not severe" because it did not appear to have "more than a minimal effect on the claimant's ability to perform basic work activities." [AR 13.] Plaintiff argues that this was error, citing Dr. Enge and Ms. Harvey's diagnosis of Major Depressive Disorder. [JS 14, 15.]

It should be reiterated, however, that this diagnosis was far from unanimous. The examining psychologist found that plaintiff "kept trying to suppress smiling and she clearly was not depressed." [AR 163.] The medical expert testified that it was "possible" that plaintiff had reactive depression but that it would be only "mild" and that she would have no limitations in activities of daily living. [AR

[4] The Ninth Circuit has recently held that where the ALJ fails to "properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Stout v. Comm'r of Soc. Sec., Los Angeles Daily Journal, July 26, 2006, at 9704 (9th Cir. July 25, 2006). Stout is inapplicable here because Ms. Harvey's one-time assessment did not constitute "competent lay testimony."

219.] Cf. Edlund v. Massanari, 253 F.3d 1152, 1158 (9th Cir. 2001)(ALJ should have found plaintiff's depression to be severe when there was an "uncontroverted" diagnosis by a psychologist.) As noted above, the ALJ provided specific and legitimate reasons to support his resolution of the conflicts in the medical evidence. It could be reasonably inferred that the ALJ applied this analysis to the Step Two finding. See Magallanes v. Bowen, 881 F.2d 747, 755 (9th Cir. 1989) (A reviewing court may draw specific and legitimate inferences from the ALJ's opinion "if those inferences are there to be drawn."). Accordingly, the court will not disturb the ALJ's departure from the treating diagnosis to find that plaintiff's depression presented "no more than a minimal effect" on her ability to work. See Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005).

## VI. ORDERS

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **AFFIRMED**.

2. This action is **DISMISSED WITH PREJUDICE**.

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: July 28, 2006

/s/
CARLA M. WOEHRLE
United States Magistrate Judge